IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-00582-LTB

MARGE E. CAMPBELL,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

_____

ORDER
_____

This matter is before me on a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA")  **[Doc #15 ]** filed by Plaintiff, Marge E. Campbell, following my order reversing and remanding the Social Security Administration ("SSA") Commissioner's final decision on Plaintiff's application for disability insurance benefits.

I. BACKGROUND

Plaintiff sought judicial review with this court of the SSA Commissioner's final decision denying her application for disability insurance benefits filed pursuant to 42 U.S.C. §§ 401-433. After consideration of the parties' briefing and the administrative record, I entered an order on February 13, 2006, in which I reversed and remanded the SSA Commissioner's final decision. In that order I concluded that the Administrative Law Judge (ALJ) erred when assessing evidence related to Plaintiff's treating physicians in that his order did not adequate specify the legal standards and reasons for the weight he afforded their opinions. As a result, I reversed the SSA

Commissioner's final decision and remanded the matter for additional proceedings. Judgment subsequently entered on February 16, 2006. Plaintiff now seeks an award of attorney fees in her favor pursuant to the EAJA, 28 U.S.C. §2412.

## II. LAW

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566, FN.2

The reasonableness test breaks down into three parts. The government bears the burden to show that: 1) there is a reasonable basis for the facts alleged; 2) there exists a reasonable basis in law for the theory it propounds; and 3) the facts alleged will reasonably support the legal theory advanced. *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

"[T]he EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Thus, I must look at the totality of circumstances to determine whether the government acted reasonably in taking a stance during the litigation. *Roanoke River Basin Ass'n v. Hudson,* 991 F.2d 132, 138 (4th Cir. 1993).

### III.  UNDERLYING RULINGS

The ALJ determined that Plaintiff was not disabled, on the basis that she retained the residual functional capacity to perform a range of light work and a significant number of jobs existed in the national economy that would accommodate her limitations, which became the SSA Commissioner's final decision. When seeking review of the decision with this court, Plaintiff challenged the ALJ's ruling on several grounds. Plaintiff first challenged the ALJ's determination of her residual functional capacity on the basis that his findings regarding her credibility were incomplete and were not supported by substantial evidence. I concluded that the ALJ's order sufficiently demonstrated that he properly weighed the evidence when determining Plaintiff's credibility. I also rejected Plaintiff's challenge to the vocational expert testimony and determined that Plaintiff's claim that the SSA Appeals Council failed to considered her new evidence was not supported by the record.

However, I further concluded that the ALJ's order failed to demonstrate reliance on the appropriate legal standard to assess the evidence related to three of Plaintiff's treating physicians. Specifically, I found that the ALJ's order failed to address the opinion of one of Plaintiff's treating physicians, Dr. Chiodo. I also found that although the ALJ provided substantial record support

3

for his decision to not give two of Plaintiff's treating physicians' opinions controlling weight, the ALJ's determination that Drs. Heyl and Johnson's opinions were "accorded limited weight" lacked sufficient analysis for me to determine if he afforded the opinions deference pursuant to the factors set forth in 20 C.F.R. §404.1527(d)(2).  As a result, I remanded for the ALJ to make specific findings related to the weigh given to the relevant doctors' opinions as required by *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) and *Langley v. Barnhart*, 373 F.3d 1116, 1120 (10th Cir. 2004).

## IV. ANALYSIS

The parties agree that the question at issue is whether the Commissioner's litigation position on appeal was substantially justified to a degree that could satisfy a reasonable person, thus barring an award of attorney fees under the EAJA.

The Commissioner's litigation position in defense of the ALJ's assessment of the doctors' opinions was that the evidence supported the weight he gave those opinions and that any deficiency in the ALJ's analysis was harmless.  As to Dr. Chiodo, the Commissioner argued that his opinion was not supported by the evidence because his progress notes contained minimal objective findings and he never documented findings for an accurate diagnosis.  The Commissioner further noted that the ALJ nonetheless found that Plaintiff had fibromyalgia consistent with Dr. Chiodo's diagnosis.  As to Drs. Heyl and Johnson, the Commissioner argued that the ALJ's determination that their opinions were of limited value, and therefore his affording them limited weight, was supported by the ALJ's findings that their progress notes did not contain significant objective findings of disabling limiting functions and these opinions were not inconsistent with the determination that Plaintiff could perform a light range of work.

4

I conclude that the Commissioner has meet her burden to prove that her legal position in this matter was sufficiently reasonable to avoid an EAJA attorney fees award in favor of Plaintiff. I first note that my remand was done on very limited grounds.  First, I was unconvinced and rejected three of the four claims of error asserted by Plaintiff.   The reason I remanded the case for additional consideration was solely based on insufficient analysis in the ALJ's written order that hindered meaningful review of whether the proper legal standards were applied.  This is not a case in which the ALJ applied the wrong standard or where the record did not support the ALJ's findings; rather, the error was merely that the order did not demonstrate that the ALJ applied the correct legal standards.  As a result, I did not rule that Plaintiff was disabled, but instead remanded the matter for the limited purpose of clarification and application of the legal standards used to analyze the three treating physicians' opinions.

The Commissioner's position that there was sufficient medical evidence to disregard the opinions at issue was reasonable in light of the of the ALJ's thorough review of the extensive and often conflicting medical evidence in this case.  As such, I  reject Plaintiff's argument that it was not reasonable for the Commissioner to defend the ALJ's order because it failed to address Dr. Chiodo's opinion.  In addition, the Commissioner's position that any legal error in the ALJ's order was harmless was reasonable in that it could be argued that the opinions of the three physicians at issue were not inconsistent with the ultimate determination that Plaintiff retained the residual functional capacity to do a range of light work.  *See generally Fischer-Ross v. Barnhart,* 431 F.3d 729, 732 (10th Cir. 2005); *Glass v. Shalala,* 43 F.3d 1392, 1397 (10th Cir.  1994).

Therefore, when looking at the totality of circumstances of this case, I conclude that the Commissioner's litigation position on appeal was substantially justified and, as such, precludes an award of attorney fees in favor of Plaintiff under the EAJA.

Accordingly, it is ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act **[Doc. #15]** is DENIED.

Dated:   July   21  , 2006 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE