IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-00582-LTB

MARGE E. CAMPBELL,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

_____

ORDER
_____

This matter is before me on a Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) **[Doc #22 ]**, filed by Plaintiff, Marge E. Campbell, in which she seeks authorization for payment of attorney fees by the Social Security Administration ("SSA") Commissioner in the amount of $5,126.00. For the reasons stated below, I GRANT Plaintiff's motion.

On February 13, 2006, I entered an order in which I reversed and remanded the SSA Commissioner's final decision denying Plaintiff's application for disability insurance benefits filed pursuant to 42 U.S.C. §§ 401-433. I subsequently denied Plaintiff's request for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that the Commissioner's litigation position on appeal was substantially justified. **[Doc #21]**

Plaintiff files the motion now at issue seeking an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1), which provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

After I remanded the matter to the SSA, Plaintiff was awarded disability benefits, including a past due benefits. Of the past due benefits award, the SSA withheld 25%, or $9,126.80, which represents the maximum amount of payable attorney fees. Plaintiff's attorney avers that the SSA has already paid her $4,000.00 for her work in this matter at the administrative level, *see* 42 U.S.C. § 406(a)(governing fees for representation in administrative proceedings). As such, the SSA currently retains an additional $5,126.00 from Plaintiff's past due benefits award for fees for work that was done before this court. Plaintiff's attorney now seeks the retained amount of $5,126.00 for her representation of Plaintiff before this court. She asserts that the amount requested is reasonable and that Plaintiff has no objection to this court authorizing the amount requested. In response, the SSA Commissioner does not object to a fee award in this case pursuant to 42 U.S.C. § 406(b)(1), "but asks the Court to award no more than a reasonable [§]406(b) fee, pursuant to the standards set forth in *Gisbrecht v. Barnhart,* 535 U.S. 789, 794-96 (2002)."

Initially, I note that to the extent the SSA Commissioner is arguing that an award of attorney fees in this matter must be viewed in light of the law regarding awards for fees made pursuant to the EAJA, I have previously denied Plaintiff's request for EAJA fees. *See generally McGraw v. Barnhart,* 450 F.3d 493, 497 (10th Cir. 2006)("EAJA fees and fees available under

2

§406 are two different kinds of fees . . . [and i]f counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant")(citations omitted).  As a result, I am only to assess the reasonableness of the request here under 42 U.S.C. § 406(b).

42 U.S.C. § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *McGraw v. Barnhart*, *supra*, 450 F.3d at 498 (*quoting Gisbrecht v. Barnhart, supra*, 535 U.S. at 807).  A court may reduce such attorney fees "based on the character of the representation and the results the representative achieved."  *Id.* at 808 (citation omitted).  Such a reduction may be in order where the attorney is responsible for delay, where the representation is substandard, or where "the benefits are large in comparison to the amount of time counsel spent on the case ."  *Id.* (citation omitted)

Under these standards, I have determined that Plaintiff's request for the $5,126.00 held by the SSA is reasonable.   First, the amount sought is consistent with Plaintiff's contingent fee agreement with counsel and does not exceed 25% of the past due benefits awarded.  Plaintiff's attorney's affidavit avers a total of 33.10 attorney hours and 2.05 paralegal hours of time spent representing Plaintiff before this court.   Defendant does not contend, nor do I see any evidence that Plaintiff's attorney in any way delayed the proceedings in this matter.  Rather, the outcome here reflects that counsel provided Plaintiff with quality representation.  I conclude that Plaintiff's attorney has met her burden to show that it is reasonable to seek $5,126.00 in fees in return for the services rendered to Plaintiff in appealing the denial of her application for disability insurance benefits.  *See e.g. Faircloth v. Barnhart,*  398 F. Supp. 2d 1169, 1172 (D.N.M. 2005).

Accordingly, it is ORDERED that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)  **[Doc #22 ]** is GRANTED and, as a result, the SSA Commissioner is ORDERED to pay to Plaintiff's attorney $5,126.00 for fees incurred in representing Plaintiff before this court in this matter.

Dated:  March   12  , 2007 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE